ROBERT GORDON AND JAMES PURSE, APPELLANTS, v.
LEWIS H. HOSTETTER, RESPONDENT.

*Trover and Conversion—Bills and Coin—Embezzlement.*

In an action to recover damages for money of Plaintiff's embezzled by De-
fendant, it is not necessary to prove the specific money in gold or bank bills
embezzled to entitle the Plaintiff to recover. It is sufficient to show the money
taken to be the Plaintiff's money ; also the amount taken, and the felonious
taking of it by Defendant.

Money is as much the subject of conversion as any other description of
personal chattels. The admission by the Defendant that the money was the
property of the Plaintiff, and that he had taken a certain amount, furnished
sufficient evidence to entitle the Plaintiff to recover.

APPEAL from the Supreme Court. The Plaintiffs were mer-
chants of the city of Oswego, and the action was to recover
damages for the conversion of money, embezzled by the Defendant,
as their clerk.

The complaint alleged that, between the month of September,
1860, and the succeeding January, the Defendant wrongfully
took and converted to his own use certain money, the property
of the Plaintiffs, consisting of bank-bills, and of gold and silver
coin, of the amount and value of $90, to the Plaintiffs' damage
one hundred dollars, for which they demand judgment.

The answer denied each of these allegations. The cause was
tried at the Oswego Circuit. It appeared on the trial that the
Defendant was in the employ of the Plaintiffs as a sales-clerk
in their dry-goods store, from the 12th of October to the 20th
of December, in the fall of 1860.

There were eight clerks in the store, all of whom were sales-
men ; and the course of business was this : each clerk sold goods,
received the pay, and put the money in the drawer. The Plain-
tiffs had no cashier, and they kept no account of sales during the
day. They entered, at night, in the cash-book, the amount of the
day's sales, arriving at the sum by the amount found in the cash-

drawers at night. The duty of the Defendant was simply to sell goods, to receive the money, and put it in the cash-drawers.

He was engaged at a salary of $325 a year, and was about twenty-four years of age. He had received small sums in payment at different times, which he was in the habit of charging to himself, at the time of payment, in the Plaintiffs' book. There was a balance still due on his salary, which the Plaintiffs, on the trial, offered to allow, in diminution of the amount claimed, but his counsel declined to accept it.

While he was in their employ, the Plaintiffs missed money several times; but none of which they could speak with certainty, except a quantity of gold, amounting to about $15, which they missed about a week before he left. He was arrested at the store on the 20th of December. After he was taken, he requested the chief of police and his assistant to return with him to the store, that he might have an interview with Mr. Gordon, one of the Plaintiffs. The latter refused to converse with him, except in the presence of the officers. He asked Gordon what they were going to do with him. Gordon said they were going to send him to State prison. He asked if Gordon supposed he had stolen their money. Gordon replied that he was sure of it. The Defendant asked him if it could be settled. Gordon inquired how much he had taken. The Defendant answered: "Eighty-five or ninety dollars, within the last month."

Three days afterward, the Plaintiff Purse, at his request, went to see him at the police-office. The Defendant told him he would like to settle it. Purse asked him what amount he had taken from them. He replied that he had taken from them, at different times, from $85 to $90; not to exceed $90. These facts were undisputed.

The Defendant moved for a dismissal of the complaint, insisting, among other things, that the Plaintiffs had not shown that they owned, or that he had converted, any specific money, either in bills or coin; that, for aught that appeared, he had received the money, as their clerk, from the customers, without putting it in the drawer, and in that case they had mistaken their remedy, which should have been by an action for money had and

received; and that if he had converted the money, as alleged, it was an act of felony, for which he could not be held civilly responsible until after conviction. The motion was denied, and the Defendant excepted.

No evidence being offered on his part, the jury, under the direction of the Judge, rendered a verdict in favor of the Plaintiffs for $87.10.

The Court reserved the case for further consideration, and finally ruled, as matter of law:

1. That the action, being in the nature of trover, could not be maintained without proof that certain specific property had been converted by the Defendant.

2. That under the complaint the Plaintiffs were not entitled to recover for money had and received, generally, to the Plaintiffs' use.

3. That they were not entitled so to amend the complaint as to enable them to recover in that form.

4. That they had failed to prove the conversion of any particular money, except the $15 in gold.

5. That the verdict should be reduced to $15, unless the Plaintiffs elected to submit to a nonsuit.

The Plaintiffs declined so to elect, and excepted to these several rulings. The judgment entered thereon was affirmed, on appeal to the General Term of the Fifth Judicial District, Mullen, J., dissenting. The Plaintiffs thereupon appealed to this Court.

*Daniel H. Marsh* for Appellants.

*Alburtus Perry* for Respondent.

PORTER, J.—The action was not for the recovery of the specific money embezzled. It was to obtain damages for the Defendant's wrong in taking from the Plaintiffs, and converting to his own use, coin and bills of a specific value and amount, which were alleged and proved to be their property. By taking and retaining their money, he put it out of their power to distinguish it from other like coin and bills; and while he admitted the amount taken, he claimed that he was not answerable for the wrong until

they had so described what he had embezzled as to enable him to identify it. The Court not only sustained this view, but also held, that under a complaint alleging the facts, and upon proof of their exact truth, he was not responsible for the amount, even as for money had and received. We think the decision erroneous, and that the Judge was right, in the first instance, in directing a verdict for the full amount in favor of the Plaintiffs.

Money is as much the subject of conversion as any description of personal chattels. Under the ruling of the Court in this case, a party appropriating it wrongfully would ordinarily be secure of immunity. No one, in the practical affairs of life, retains a specific description of each bill which comes to his hands. Our statute of embezzlement assumes this, in making it a criminal offence in a clerk or servant to " convert to his own use " the money of his employer, or " to make way with or to secrete it," with intent to convert it to his own use (2 R. S. 678, § 59). If the fact of the unlawful taking be established, and the amount converted is ascertained, the culprit cannot avail himself of his own act, in secreting or destroying the bill, as a protection against civil or criminal prosecution.

In the present case the fact was established, by the admission of the Defendant, that the money which he took was the property of the Plaintiffs ; and, as the amount was conceded, there was no occasion to prove the particulars in which the coin and bills in question differed from all others of like denomination. The evidence supplied every fact essential to show the conversion, and to fix the measure of damages. The money was identified, so far as was needful to determine the rights of the parties; and the Plaintiffs were bound to go no further. A similar objection was raised in this Court, in an action of replevin for bank-bills, which were not so described in the pleadings and proofs as to distinguish them from other similar bank-bills, but which corresponded in amount with the money wrongfully withheld. The appropriate answer was given by Judge Grover, who delivered the opinion of the Court: " All that is necessary is, that the proof should be sufficient to enable the Court to give judgment

for the delivery of the particular thing to which the Plaintiff is entitled; and if the Defendant has so disposed of that thing that delivery cannot be made upon the execution, then the *value* is to be collected of the Defendant in satisfaction of the judgment" (Graves *v.* Dudley, 20 New York, 80). So, in this case, all that the Court could require was proof of property in the Plaintiffs, of conversion by the Defendant, and of the damages resulting from the wrong.

It was held in an early case, that trover "lies not for money found, unless it be in a bag or chest" (Holiday *v.* Hicks, Croke's Eliz. 661). But, in another cause, determined two years afterward, when the Plaintiff obtained a verdict for the conversion of part of the contents of a bag of gold, a motion was made in arrest of judgment, on the ground "that trover and conversion of money out of a bag cannot be good, because it cannot be known." The Judges held "that an action of trover and conversion of money only, was good enough, and an action well maintainable for it" (Draycot *v.* Piot, Croke's Eliz. 818; Hall *v.* Dean, id. 841).

All doubt on the question arising from the legal fiction of loss and finding in the old action of trover was set at rest in a subsequent case in the Exchequer Chamber. The objection was there taken that the action would not lie for money out of a bag, which, from the nature of the case, could not be identified. "But," says Croke, "all the Justices and Barons agreed that it well lies; for, although it was alleged that money lost cannot be known—and so, whether it was the Plaintiff's money, whereof the trover and conversion was—yet the Court said, it being found by a jury that he converted the Plaintiff's money, the Plaintiff had good cause of action. Wherefore, the judgment before well given was now affirmed. The Justices and Barons said that this action lies as well for money out of a bag as of corn which cannot be known" (Kinaston *v.* Moor, Croke's Charles, 89). The doctrine of this case has since been accepted as settled law; and trover has been repeatedly held to lie for the conversion of determinate sums, though the specific coin and bills were not identi-

fied. "The design of this action," as was well said by Bacon, "is not to recover a thing in specie, but to recover damages for the conversion thereof" (9 Bacon's Ab. 651, Trover, D ; Chitty on Pleading, 146; Jackson v. Anderson, 4 Taunton, 24, 29; Kimberly v. Patchin, 19 New York, 336 ; Dows v. Bignall, Lalor's Supp. 407; McNaughton v. Cameron, 44 Barbour, 406).

The case of Orton v. Butler, on which the Respondent mainly relies, is irrelevant to the question we have been considering. It arose on demurrer to a count in a declaration, which alleged that the Defendant had received ten shillings to the use of the Plaintiff, to be paid to him on request; and that upon being requested to pay it, he refused, and converted the money to his own use. The Plaintiff insisted that this was a good statement of a cause of action in trover. The Court sustained the demurrer, holding that to make the count sufficient in trover, he should have alleged, either that the money was his, or that it had previously been in his possession. The decision was clearly right, but it has no application to the complaint before us (5 Barn. & Ald. 652).

It follows from these views that the Plaintiffs were entitled to the full amount of the verdict, on the basis of a tortious conversion.

It is proper, however, to say, that even if we had arrived at a different conclusion on this point, we should hold the verdict good, as for money had and received, on the waiver by the Plaintiffs of the tort alleged. It is true that, under ordinary circumstances, the refusal to pay over money had and received to the use of another, is not in law a conversion. It does not, however, follow from this, as a counter-proposition, that, under our present system of pleading, a party who has alleged and proved facts entitling him to judgment as for money had and received, will be barred from that relief by his failure to prove other and further allegations, which would have entitled him to a more stringent remedy. The material arguments of the complaint, in this regard, were fully sustained by the proof. The facts were undisputed. The Defendant was not misled or surprised; and we see no reason why the Plaintiffs were not at liberty to waive the tort,

and amend their prayer for judgment, if they elected so to do, in view of the adverse ruling of the Court (Byxbie *v.* Wood, 24 New York, 607; Wright *v.* Hooker, 10 id. 51; Cobb *v.* Dows, id. 335, 342, 346).

The Supreme Court was clearly right in holding that, under our statute, the civil remedy of the Plaintiffs was neither merged in the alleged felony, nor suspended until the conviction of the offender (2 R. S. 292, § 2; Code, 7). Other objections were raised on the trial, but it is sufficient to say that we do not consider them well founded.

The judgment should be reversed, with final judgment for the Plaintiffs on the original verdict.

All the Judges concurring,

Judgment accordingly.

JOEL TIFFANY,
State Reporter.