Monell, J.
It is claimed in support of the execution in this case, that the complaint contains a statement of facts showing one of the causes of arrest required by section 179 of the Code, and is, therefore, within, the provisions contained in section 288.
The construction of the latter section is, that where the substantive cause of action is such that the defendant may be arrested, the complaint will necessarily state the facts essential to an arrest (Atocha v. Garcia, 15 Abb. 303). In other words, where the cause of the arrest is identical with the cause of action, the complaint will necessarily state facts showing the defendant is liable to arrest (Wood v. Henry, 40 N. Y. R. 124). It is only where the cause of arrest forms no proper part of the cause of action, and cannot properly be stated in the complaint, that a preliminary order of arrest is required to secure an execution against the person after judgment (Elwood v. Gardner, 45 N. Y. R. 349).
If, therefore, the facts stated in the complaint in this case as constituting the cause of action were such that, by themselves, the defendant was liable to arrest, then the execution was regular.
The 179th section of the Code provides that a defendant may be arrested in the following cases :
1. In an action on a cause of action, not arising out of contract, where, etc.
2. In an action for the recovery of money received * * * by an officer or agent of a corporation * * * in the course of his employment as such. * * *
The cause of action stated in the complaint is precisely within this latter provision. It is for money received by the defendant as the treasurer of the plaintiffs’ corporation, in the course of his employment as *311 such treasurer; and the only questions litigated on the trial were, whether the money which the defendant admitted he had received "belonged to the corporation, or was the property of the donors to the fund. See this case on appeal, 5 Robt. 100, and in Court of Appeals, 43 N. Y. R. 476. The latter court, in reversing a former judgment of this court, put its decision wholly upon the ground that the proofs established that the money was the property of the church, and had been received by the defendant as its treasurer. The gravamen of the action, therefore, was the alleged relation of officer to the corporation. If the defendant was such officer, and he received the plaintiffs’ money, he was liable. The receipt of the money was conceded; but all liability was denied on the allegation that the defendant had not received it as treasurer of the plaintiff, or in the course of his employment as such, but as the custodian of the donors. That issue, therefore, became the essential part of the case, and no recovery could have been had without establishing that the money was the property of the church,1 and had been received by the defendant in his official character of treasurer ; a simple action for money had and received could not have been maintained, because it was necessary to prove, and therefore to aver, that it was received by the defendant as the plaintiffs’ treasurer, and in the course of his employment as such.
This case is clearly distinguishable from Wood v. Henry (supra), so confidently relied upon by the defendant’s counsel.
In that case the allegations in the complaint were, that the defendants were commission merchants; that the plaintiffs employed the defendants to sell certain merchandise upon commission; that the defendants sold the same and received payment therefor, and that the balance of the sum received (after deducting commissions) became due and "payable, but that no part had *312 "been paid. No order of arrest had been obtained, and judgment was taken by default.
The motion was to set aside an execution against the person.
The court admitted that where the cause of action is such that an order of arrest might be granted without proof of any extrinsic fact, that an execution might go against the person of course; and that it was only necessary where the cause of arrest was not identical with the cause of action that a previous order should be obtained. It was further admitted that in some of the cases mentioned in section 179 of the Code, the cause of arrest and of action are identical, and no pre- / vious order would be necessary. This is to be tested by the statement of facts.
If such statement shows one or more of the causes of arrest, ‘ ‘ then the cause of action and of arrest are identical,” and the judgment establishes conclusively a liability to arrest, and execution against the person follows. But the court holds, in effect, that the allegations in the complaint of a liability of the defendant, created while acting in a fiduciary capacity, formed no necessary or even proper part of the cause of action.
The debt was the gravamen of the action, and not the breach of trust. The court say “the defendants may not be able to deny that they owed the money, or that the indebtedness was the receipt of moneys arising from the sale of the plaintiffs’ goods, and yet they may be quite able to show that they were not commission merchants, or that the circumstances under which they acted did not establish any fiduciary relation between them and the plaintiffs but the relation of debtor and creditor merely. ’ ’ In this view, no possible defence could have changed the result. Admitting the debt, the defendants could not demand a trial to determine whether they were commission merchants, or whether the relations *313 were of a fiduciary nature, when there must necessarily have been a judgment for the debt.
Where, therefore, the debt is the gravamen of the action, and not the circumstances under which it was created, it became a necessary part of the complaint to state the relation of the parties only for the purpose of obtaining an order of arrest.
This, of course, has no effect upon the cases where the cause of arrest is a necessary part of the cause of action. In those cases the issue to be tried involves and includes the very facts upon which the arrest depends, and must bé determined in the trial of the issue, and, if determined against the defendant, it brings the case within the construction of the latter part of the 288th section of the Code, authorizing “an execution against the person where the complaint contains a statement of facts showing one or more of the causes of arrest, required by section 179,” namely, that such facts must constitute the gravamen of the action.
The decision in Wood v. Henry would seem to be difficult of reconciliation with the letter of the statute.
The defendant may be arrested—
1. In an action for the recovery of damages on a cause of action not arising out of contract, etc., and,
2. In an action for money received * * * by any factor * * * or other person in a fiduciary capacity. * * *
It is true, as the court say, the action is for the recovery of money, but it is to recover it of a person who received it in a fiduciary capacity; and are not, therefore, the relations of the parties a part of the cause of the action as much so as are the allegations of fraud a part of the complaint, when the action is for fraud, although it was committed in contracting the debt, and the recovery can be only of the debt ?
But, as a decision, it goes no farther than to hold that when the debt is the substantial cause of action, all *314 other allegations, although necessary for the purpose of • a primary arrest, may, after judgment, be regarded as not forming any necessary or material part of the cause of action. That case, therefore, is an authority upon such a state of facts only, and .has no application to a case like the one now under consideration.
In the case of Elwood v. Gardner (supra), a more recent case than Wood v. Henry, a substantially similar construction is given to the 288th section.
In that case the action was for fraud, in falsely representing the solvency of the maker of a promissory note, of which the defendant was the endorser. An order of arrest had been obtained. On the trial the plaintiff abandoned the cause of action for the fraud and took judgment upon the liability as endorser. An execution against the person was set aside. The court say, in substance, that if the plaintiff had not withdrawn his claim for fraud, and had succeeded, he would have been entitled to a personal execution, as of course. But by withdrawing that cause of action, he left it a mere action on contract.
The meaning of the section, the court say, is, that the statement of facts must be such as are proper and necessary to b<d proved. They must be pertinent to the cause of action. If they are not, then they are to be regarded as immaterial and improper.
The principle determined by this case is the same as was decided in Wood v. Henry, and they fully establish the distinction which brings the present case within the 288th section.
The conclusion, therefore, is, that in this case the statement of the facts, as well as the issues which were tried, brought it within the authority to issue an execution against the person of the defendant, notwithstanding no previous order of arrest had been obtained.
The motion to set aside the execution must be denied, with costs.
James K. Hill, attorney, and of counsel for appellant.
E. J. Patterson and C. M. Marsh, of counsel for respondent, urged:
1.—(a.) The case is clearly distinguishable from the case of Wood v. Henry, relied on below. A complaint could not be drawn which would be “a plain and concise statement of facts,” which would not set forth the cause of arrest.
(5.) An illustration of the difference could not be offered, which would be clearer than that presented by the facts in this case. The very ground-work of that decision was that the facts which constituted the cause of arrest could not be tried in the action (40 N. Y. at p. 128). How in this case, it was admitted that the defendant had received this money at a time when he was the treasurer of the corporation, and the only question at issue was, Did he receive it as the treasurer of the plaintiff % If this were decided in favor of the plaintiff, the right of action and the right of arrest were made out. If it were not so proved, the entire cause of action must fall. The question thus raised was the turning-point of a long and closely fought litigation, and it would now be the height of absurdity for the court to hold that because in the case of Wood v. Henry, the Court of Appeals held that when the facts which gave the right to arrest could not be litigated on trial, an execution against the person would not issue, that therefore here, where the very facts hate been litigated on the trial, the execution against the person must be set aside.
(c.) If this court deem that the facts proved on the trial are material upon this motion, as seems to have been held in the case of Elwood v. Gardner (45 N. Y. 349), then this order must be affirmed, for defendant’s own affidavit says that “it is for moneys had and received,” which it has been decided were for the use of the plaintiff—in other words, which it had been decided were received by the defendant in a fiduciary capacity.
2.—But in reality, this action proceeds one step farther than was necessary to give a right of arrest under the second subdivision. It alleges a conversion of this money by defendant, making a case under the first subdivision.
(a.) This charge thus made is no immaterial allegation. It is put in issue by the answer, and must have been de- . cided in favor of the plaintiff.
It is undisputed that the defendant received this money, and it is undisputed that he was treasurer of the plaintiff when he so received it. The question 1 ‘ Did the money belong to it? ” the first question in the case, being decided in its favor, then the defendant, having-neglected to pass it over to its credit, is liable for this conversion (Coit v. Stewart, 50 N. Y. 17 ; Gordon v. Hostetter, 37 N. Y. 99).
That case was an action for conversion of money. Defendant had been a clerk in plaintiff’s employ, had sold goods and received the money, which, instead of putting- into plaintiff’s drawer, he had kept. There was no proof of property, except defendant’s admission of amount he had kept. Held, an action of conversion would lie. \
This case is much stronger. The defendant, when he received .the money, received it for the corporation. He was the only party who could represent them in tills receipt. When he got the money it belonged to the corporation—in fact, it, was paid into it—but the defendant diverted it from its legitímate uses, and converted it to his own use, and the allegations in that respect contained in the complaint are at once both material and true.
(5.) That this complaint is sufficient to make an action for conversion, see Eider v. Whitlock (12 How. Pr. R. 209), and that an execution issues in such case after judgment and no order of arrest issued, see Richtmeyer v. Remsen (38 N. Y. 206).
By the Court.—Sedgwick, J.
I reluctantly differ in opinion from the learned judge, who denied the motion to set aside the execution against defendant’s person, no order of arrest having been granted. On such a motion, no extrinsic facts may be viewed, and the right to issue an execution against the person depends solely upon the character of the complaint, except in a case where the plaintiff has upon the trial not attempted to prove those matters which give the complaint that character which justifies the issuing of an execution against the person, although no order of arrest be made (Elwood v. Gardner, 45 N. Y. R. 349). In this case for the plaintiff, it is urged that the execution is supported because, 1st, the complaint states a cause of action for money received by the defendant as treasurer of the plaintiff in the course of his employment as such ; 2d, because it stated a conversion by defendant (Code §§ 179-288). I cannot see that the complaint in any mode, precise and technical, or otherwise, alleges that the money sued for was had and received by the defendant as treasurer in the course of his employment as such. The complaint states that the defendant was treasurer during a specified period, and then “that during the time the ‘c defendant continued to act as such treasurer, he re- “ ceived among other moneys the sum of five hundred ‘ ‘ and twenty-four dollars, donated and collected for the “ Sunday-school of the Church of the Redeemer, and “ belonging to the plaintiffs herein,” that said money was.demanded of defendant, “and he refuses to pay “over the same, or any part thereof, to the plaintiffs, ‘' and as plaintiffs are informed and believe, has converted “ the same to his own use.” Clearly there is no averment here that the moneys donated for the Sunday-school were received by the defendant in the course of *318 his employment, or in the performance of his duty, as treasurer. He might have received such moneys, and be liable therefor in an action, and yet-it be none of his duty, or not within the scope of his employment to receive them.
I cannot distinguish Wood v. Henry (40 N. Y. R. 128) from the present case. In that case the court said in substance that there were averments in the complaint, independent of, and separate from, all the averments relating to the fiduciary position of the defendant, that the former, the defendant, might not be able to deny, and yet that a denial of latter would not make any issue upon which a trial could be demanded. So in this case, every averment that the defendant was treasurer, when he received the money, might be denied by the defendant, yet if he did not deny that he received moneys of the plaintiff, which he had refused to pay over, judgment would be given against him on the pleadings. Indeed, it seems tome that in Wood v. Henry, the averments that the defendant in doing the things which made him liable, acted in a fiduciary capacity, were much more precise land significant than these in the present case, which say that during the time he was treasurer, the things occurred which made him liable. In Wood v. Henry, the Court of Appeals made it the test, whether there was enough in the complaint to justify a judgment, irrespective of those averments which sought to allege that the defendant acted in a fiduciary capacity. The result would have been the same if the latter averments charged enough to justify a finding by a jury, that the indebtedness was contracted by defendant in his fiduciary relation. The commission of appeals in Prouty v. Swift (51 N. Y. R. 601) say that in Wood v. Henry it was settled that the character or nature of defendant’s employment was not an issuable fact. This was said in a case in which the complaint demanded judgment that the defendant be adjudged liable for moneys received in a fiduciary capacity, and the referee had found such to be the fact. I think that the two cases cited require *319 that the execution herein he set aside, unless the other view is sound, that the complaint states a case of conversion against the defendant. To satisfy section 179, the action must "be for wrongfully taking, detaining, or converting property. The action must "be for the tort. The summons in this action shows that the plaintiff elected to "bring an action for "breach of contract, "but that is not decisive of the point. I think if the rule of Wood y. Henry were again applied, it would have to "be said the allegation of the conversion in the present case was not traversable, or rather that an issue upon it would be immaterial, if the rest of the complaint were proven or admitted. Beyond this, however, Austin v. Rawdon (44 N. Y. 63) must be applied. There the complaint set out that a special agreement was made that the defendant would deliver certain securities which had been placed in his possession, that demand therefor was made, and that defendants wrongfully refused to deliver them but wrongfully disposed and converted them to their own use. It was held that the action was for the breach of the contract, and the allegation of the conversion was a mode of stating that breach. So in this case, the complaint in substance first charges that the defendant had and received money for the use of the plaintiff (which creates an obligation in the nature of a contract), and although the same was demanded of the defendant, he refused" to pay, but converted it to his own use. Such an allegation of conversion is but a statement of the construction the law would put upon a refusal to pay on demand, and is not an additional fact, which changes the character of the defendant’s liability as otherwise stated by the complaint. Connaughty v. Nichols (42 N. Y. R. 83) is in principle in accord with Austin y. Rawdon.
The order appealed from is reversed, with costs.
Curtis, J., concurred.