(85 App. Div. 334.)

KELSEY v. BANK OF MANSFIELD.

(Supreme Court, Appellate Division, First Department.   July 7, 1903.)

1. CORPORATIONS—OFFICERS—MISAPPROPRIATION OF FUNDS—INDIVIDUAL DEBT —LIABILITY OF PAYEE.
    The president and cashier of an insurance company, as officers, made a check payable to the bank, drawn on the fund to the credit of the company.   The bank credited the amount of the check to the individual debt of the president and cashier, with knowledge of the misappropriation of the company's funds by its officers.   *Held*, that the receiver of the insurance company could recover from the bank the amount of the check.

2. ATTACHMENT—GROUNDS—CONVERSION OF MONEY.
    On the issue whether the facts on which a warrant of attachment was granted were sufficient, the complaint in the action alleged that an insurance company had on deposit with defendant bank a certain sum; that the president and cashier of the company, as officers, drew a check payable to defendant on the fund on deposit; that defendant credited the amount to an individual claim against the president and cashier; and that the bank had knowledge of the misappropriation of the company's funds by the president and cashier.   An affidavit averred that the president of defendant admitted that the check was appropriated to the individual debt of the president and cashier.   *Held* sufficient to show a cause of action for the wrongful conversion of money, and to support the warrant of attachment.

3. TROVER—PROPERTY SUBJECT TO CONVERSION.
    Trover will lie for money, though not specifically earmarked.

Appeal from Special Term, New York County.

Action by Otto Kelsey, as receiver of the Manhattan Fire Insurance Company of New York, against the Bank of Mansfield.   From an order denying a motion to vacate a warrant of attachment, defendant appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

James M. Gifford, for appellant.
Charles R. Coville, for respondent.

PATTERSON, J.   This appeal is from an order denying the defendant's motion to vacate an attachment, which motion was made on the ground "that the facts stated in the papers upon which said warrant of attachment was granted afforded no basis for an attachment."   It is recited in the warrant that it duly appeared to the satisfaction of the judge granting it that a cause of action exists in favor of the plaintiff against the defendant for the recovery of $39,390, with interest thereon, "as damages for the wrongful conversion and misap-

propriation of money in the foregoing amount by this defendant, and belonging to and being the property of this plaintiff as aforesaid," and that the defendant is a foreign corporation.

It thus appears that the ground upon which the attachment was granted was that the action was specifically for a misappropriation constituting a conversion of money. The allegations of the complaint may be regarded as declaring upon such a cause of action, and affidavits presented on the application are to the same effect.

It is, among other things, alleged in the complaint that the Manhattan Fire Insurance Company of New York, of which the plaintiff is the receiver, had on deposit in the defendant bank, in the state of Ohio, a certain sum of money; that the president and cashier of the Manhattan Fire Insurance Company wrongfully made a check payable to the order of the defendant; that the drawers signed the check as president and cashier of the insurance company, and it was drawn on a fund deposited to the credit of the insurance company in that bank; that thereupon that check was delivered to the defendant at its banking house, and the defendant wrongfully appropriated and charged the same against the account and deposit of the Manhattan Insurance Company, and wrongfully credited the amount of the check to and in cancellation and extinguishment and payment of an individual obligation and indebtedness of the persons who signed the check. It is also alleged that the officers of the defendant had full knowledge of the misappropriation of the amount of the check by the officers of the Manhattan Fire Insurance Company, and that a demand has been made upon the defendant for the amount.

There can be no doubt of the right of the plaintiff, the facts alleged being proven, to recover the amount of the misappropriated money (Gerard v. McCormick, 130 N. Y., 261, 29 N. E. 115, 14 L. R. A. 381; Rochester, etc., Co. v. Paviour, 164 N. Y. 281, 58 N. E. 114, 52 L. R. A. 790); but it is urged by the defendant that an action for conversion will not lie; that the relation existing between the Manhattan Fire Insurance Company and the defendant was, upon the papers, simply that of debtor and creditor, which is the ordinary relation existing between a bank and its depositor. There are, however, allegations in this complaint, and there are facts stated in the affidavits upon which the attachment was granted, which indicate that a somewhat different relationship existed between the Manhattan Fire Insurance Company and the defendant. It is stated in the complaint that the money on deposit with the defendant was a fund which was the property of and belonging to the said Manhattan Fire Insurance Company. It may be inferred from this allegation that a fund specially deposited was in the hands of the defendant bank, which held it not in the ordinary relation of a banker with its depositor. But in addition to that, considering the action as one for the conversion of money, it appears, by a statement in the affidavit of Russell S. Johnson, that the president of the defendant bank admitted that the check for $39,390 was cashed and the amount appropriated to the extinguishment of the individual indebtedness and obligation of the signers of the check. If that were so, the money paid on the check was separated from the general funds of the bank as the insurance company's money. The detail of

the transaction is not made to appear, but the facts as stated would indicate that the action was brought specifically for the conversion of that money thus separated and misappropriated.   Trover will lie for money, although not specifically earmarked.   Gordon v. Hostetter, 37 N. Y. 99.   On the papers presented, there was enough before the court granting the attachment to disclose a cause of action for the wrongful conversion of money.

The order should therefore be affirmed, with $10 costs and disbursements.   All concur.