## THIRD DEPARTMENT, MAY, 1922.

PATRICK HAYES and MARGARET HAYES, Respondents, *v.* FREDERICK C. CLAESSENS, as Administrator, etc., of CHRISTINA McGOVERN, Deceased, Substituted in the Place of THE MANUFACTURERS' NATIONAL BANK OF TROY, N. Y., Appellant.

*Banks and banking — deposit — interpleader — fraud — evidence.*

Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered in the Rensselaer county clerk's office July 8, 1921.

Judgment reversed on the law and facts, with costs, on the authority of *Hayes v. Claessens* (189 App. Div. 449), and judgment directed for the defendant, adjudging the defendant to be the owner of the fund deposited in court under the order of interpleader, and directing its payment to him, with costs. All concur, except Kiley, J., dissenting, with an opinion; Hinman, J., not sitting. The court disapproves of findings of fact numbered eighth, eleventh and twelfth, and of the facts found in conclusions of law numbered two and three; and finds the facts requested to be found in defendant's requests to find numbered twelfth, thirteenth, fifteenth, seventeenth, eighteenth, nineteenth, twenty-second and twenty-fourth.

KILEY, J. (dissenting): This case has been before this court on a previous occasion, at which time a judgment in favor of plaintiffs was reversed. (*Hayes v. Claessens*, 189 App. Div. 449.) On the second or retrial of the action the plaintiffs also had a verdict; the case was tried before Mr. Justice Hinman without a jury. Before discussing the facts I will advert to some legal propositions in the case. The question was fairly raised that the defendant was not authorized to act as the administrator of the estate of Christina McGovern. The record does not disclose his qualification. (Code Civ. Proc. § 2588.)* His right to receive this money must be based on a legal appointment, and that in turn must be based on legal qualifications as provided by statute. (Code Civ. Proc. *supra*.) The answer sets up as an affirmative defense that the plaintiffs wrongfully converted this money to their own use, and that they were guilty of fraud and misrepresentation in obtaining it. Under the allegations in this answer an action for conversion will not lie. (*Walter v. Bennett*, 16 N. Y. 250; *Harris v. Schultz*, 40 Barb. 315.) I am not unmindful that it was held in *Gordon v. Hostetter* (37 N. Y. 99) and in *Kelsey v. Bank of Mansfield* (85 App. Div. 334), under the circumstances of those cases, that an action of conversion would lie. The elements relied upon in those cases are not present here. These observations are made to clear the ground and state the only issue in the case so far as kind of action and the application of the facts are concerned, viz., it is an action sounding in fraud practiced by Margaret Hayes upon Christina McGovern in her lifetime. Upon this trial the evidence differs in material and important particulars from that taken upon the former trial. *First.* There is positive and competent proof of the intent of Christina McGovern to clothe Margaret Hayes with title to the money when she had passed away. " This account and all money to be credited to it belongs to us as joint tenants and will be the absolute property of the survivor of us,

---

* Now Surr. Ct. Act, § 118, as amd. by Laws of 1921, chap. 201.— [REP.

either and the survivor to draw." Signatures of Margaret Hayes and Christina McGovern, and witness, Anna M. Hayes. This appears on a card writing, setting forth the correct amount in the bank which belonged to Christina McGovern. This act of Miss McGovern is not impugned in any way; her intent is what is important here. She could do what she liked with her money as long as she was competent and was not imposed upon. There is no evidence in this record that she was incompetent or that she was being imposed upon. No attempt to show those conditions was made. *Second.* Sufficient consideration was shown for the transfer made by Miss McGovern. The evidence was much increased, in that regard, upon this trial. I find no errors calling for a reversal; it was a question of fact, and the verdict is not against the weight of evidence. I recommend that this judgment be affirmed on the opinion of the trial judge, with costs.