**NICHOLSON v. UNITED STATES.**

No. 12521.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1949.

Dawson Kea, Dublin, Ga., for appellant.

Green B. Everitt, Asst. U. S. Atty., Savannah, Ga., for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit, brought March 6, 1947, under the Federal Tort Claims Act [1] was for damages from the loss by fire of plaintiff's barn in February, 1945.

The claim was that the fire was due to, and caused by, the negligence of prisoners of war of the United States and their guard while they were working for plaintiff on his premises pursuant to a written contract with the United States for their labor.

On May 29, 1947, defendant filed its answer, in which, admitting that at the time of the fire the prisoners of war referred to in the complaint were on plaintiff's premises working for him under a contract for prisoner of war labor, it denied the charges of negligence and that it was liable as claimed.

On July 7, 1948, it filed a motion for summary judgment, in which, setting out that plaintiff had procured the labor of prisoners of war by a contract with the United States, it invoked, as precluding recovery, Para-

---

1. 28 U.S.C.A. § 2671 et seq.

graph 7 thereof.[2] Plaintiff, pointing out in its answer to the motion that it was not suing upon the contract but for a tort, urged upon the court that the motion be denied. On July 30, 1948, the district judge entered an order sustaining the motion and giving judgment for the defendant.

Plaintiff is here insisting that the district judge, in ruling as he did, gave a meaning and effect to the contract not intended or carried by it, and misconstrued and misapplied the Federal Tort Claims Act.

The United States, on its part, in addition to the contention made below that Par. 7 of the contract prevents recovery, urges upon our consideration Sec. 2680, 28 U.S. C.A.,[3] and insists that this section operates to exclude from the Federal Tort Claims Act, all controversies over contracts and rights arising thereunder or in connection therewith, including claims for damages sounding in tort.

■ We cannot agree with either of these contentions. The invoked contract provision does not purport to, it does not, deal with a claim for damages for tort of the kind sued on here. It is specifically confined to peculiar classes or kinds of damages, those "which are in excess of those normally occasioned by civil workers of the same class or classes with like experiences at the job". Even as to these, the allowance to be made by the government is "without prejudice to any other rights which the contractor may have". Though, therefore,

it is not clear just exactly what kind of damages paragraph 7 is aiming at, it is quite clear that it has no relation to and does not affect a tort claim of the kind sued on here.

■ Appellee's second contention is no better taken. The provision excepting from the Tort Claims Act "interference with contract rights" has to do not with claims of the kind asserted here, torts committed by persons sustaining contract relations, but with the particular kind of tort described, "interference with contract rights".

In complete disagreement with both of appellee's contentions, we are, therefore, in no doubt that the court erred in granting the motion for summary judgment and that the judgment appealed from must be reversed and the cause remanded for further and not inconsistent proceedings.

This is not, however, to hold that, upon the facts pleaded by appellant, plaintiff below, the United States would, under the terms of the contract, the doctrine of respondeat superior, or otherwise, be liable to him in tort under Sec. 2674, for the tortious conduct of contract prison labor [4] while working for plaintiff on his premises and under his supervision. It is to hold only: that neither the invoked exception from the Tort Claims Act nor provision seven of the contract prevents or affects appellant's right to sue; that appellant is entitled to be heard upon the merits of his claim, whether under Sec. 2674, upon the facts pleaded and proven, the United States

2. Par. 7, provides:
"In case it is found by the Government that the contractor has suffered damages to his property or property for which he is responsible to a third party, uncompensated by insurance, arising out of the employment of prisoners of war, and not due to fault or negligence of the contractor, which are in excess of those normally occasioned by civil workers, or the same class or classes with like experience at the job, the Government (without prejudice to any other rights which the contractor may have) will allow the amount of such excess damages as a credit against payments otherwise due from the contractor hereunder; but no such credit shall be taken without the specific approval of the Gov-

ernment, nor shall the liability of the Government under this paragraph for any such excess damages exceed the amount of payments due from the contractor to the Government under the terms of this contract."

3. Sec. 2680 provides among other exceptions that:
"The provisions of this chapter and section 1346(b) of this title shall not apply to—* * * (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

4. 41 Am.Jur., Prisons and Prisoners, Secs. 30 et seq., particularly Secs. 34 and 35.

is liable to him under the Federal Tort Claims Act for the damages the claims; and that the judgment must be reversed and the cause remanded for further and not inconsistent proceedings.