[Civ. No. 5008.  Fourth Dist.  Nov. 29, 1954.]

JAMES J. CAMPBELL, Appellant, v. CARL F. RAYBURN, Respondent.

James J. Campbell, in pro. per., for Appellant.

Ray T. Sullivan, Jr., County Counsel (Riverside), Leo A. Deegan, Deputy County Counsel, and James H. Angell, Assistant County Counsel, for Respondent.

BARNARD, P. J.—This is an appeal from a judgment entered after the sustaining of a demurrer. A demurrer to the third amended complaint was sustained on February 26, 1954, with leave to amend within 15 days. No amendment having been filed, a judgment of dismissal was entered on March 17, 1954, from which the plaintiff has appealed.

The third amended complaint alleged that at all times material the defendant was sheriff of Riverside County; that on December 15, 1951, the plaintiff wrote a letter to the attorney general "describing gambling activities in Riverside County, and particularly in the Palm Springs area"; that the

attorney general advised the plaintiff that said letter had been forwarded to the defendant "for attention and appropriate action"; that the defendant, in violation of section 335 of the Penal Code, distributed photostatic copies of plaintiff's letter among the gamblers of the Palm Springs area, warning said gamblers that plaintiff was an informer; and that the plaintiff learned about this on January 10, 1953. It was further alleged that the defendant induced or otherwise caused two named gamblers, who owned business property in Palm Springs, not to rent the plaintiff office space for the purpose of carrying on his business as a real estate broker, etc.; that plaintiff learned about this on January 10, 1953, when one of the named gamblers told the plaintiff that he would not "give the plaintiff standing room"; and that this same gambler has influenced his friends not to rent office space to the plaintiff, thus forcing him to conduct his business from his home.

There is an attempt to state a cause of action against the sheriff for violation of section 335 of the Penal Code, and also an attempt to state a cause of action for alleged wrongful interference with prospective contractual relations.

With respect to the first of these causes of action no facts are alleged showing a violation of section 335. Aside from the conclusion that this letter was one "describing gambling activities," and the conclusion that a warning was given to some gamblers, no facts are stated as to the contents of the letter or as to the nature and effect of the warning. Moreover, no facts are set forth tending to show that the alleged violation of section 335 of the Penal Code resulted in any special injury to the plaintiff, as distinguished from that suffered by the public in general.

As to the other cause of action, involving alleged wrongful interference with prospective contractual relations, no facts are alleged with respect to whether such accommodations would otherwise have been available on terms satisfactory to the plaintiff, the availability or lack of accommodations other than those referred to, or facts showing that the plaintiff had any reasonable expectation of economic advantage which would otherwise have accrued to him, and no facts are alleged tending to show the nature or amount of any damage to the plaintiff.

The general principles applicable here have been applied in decisions in other states. In *Goldman* v. *Feinberg*, 130 Conn. 671 [37 A.2d 355], it is pointed out that "it is

essential to a cause of action for unlawful interference with business that it appear that, except for the tortious interference of the defendant, there was a reasonable probability that the plaintiff would have entered into a contract or made a profit." In *Union Car Advertising Co.* v. *Collier,* 263 N.Y. 386 [189 N.E. 463], it is said: "There must be some certainty that the plaintiff would have gotten the contract but for the fraud. This cannot be left to surmise or speculation." In *Debnam* v. *Simonson,* 124 Md. 354 [92 A. 782], the court said:

"In addition to what we have said, this declaration is also defective because it does not allege with sufficient clearness, if at all, that but for the alleged interference of the defendants, the plaintiff would have become the purchaser of the property, and would have succeeded in consummating his alleged contemplated plans or project. Such an allegation is necessary. Before he can recover it must be shown that, but for that interference, the purchase would have been made and his plans consummated."

A further consideration is that the special demurrer was properly sustained because the complaint was defective in that two purported causes of action were not separately stated. (Code Civ. Proc., § 430; *Haddad* v. *McDowell,* 213 Cal. 690 [3 P.2d 550].)

The plaintiff, after having failed to state a cause of action on a fourth attempt, was given an ample opportunity to amend and failed to do so. Under these circumstances, the court was justified in entering a judgment of dismissal.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 26, 1955.