Eugene **DUPREE**
v.
**UNITED STATES of America.**
No. 20873.

United States District Court
E. D. Pennsylvania.
Nov. 5, 1956.

William J. Woolston, Philadelphia, Pa., for plaintiff.

W. Wilson White, Norman C. Henss, Philadelphia, Pa., for defendant.

LORD, District Judge.

This matter comes before the Court on defendant's Motion to Dismiss. The Government contends that the complaint fails to state a cause of action with respect to which the United States has consented to be sued in accordance with the Federal Tort Claims Act, Title 28 U.S.C.A. §§ 1346(b) and 2680(a).

Plaintiff alleges that in 1930 the United States Coast Guard issued to him a five year master's license, which certified his fitness to be a matter of merchant vessels of unlimited tonnage. The license was reissued each five years thereafter. In September, 1950 plaintiff sought from the Coast Guard a validated certificate which was then required as a prerequisite for an officer or seaman to sail on a ship of United States registry. Such certificate was required by the Act of August 9, 1950, 64 Stat. 427, Title 50 U.S.C.A. § 191, and Executive Order No. 10173, 15 Fed.Reg. 7005, U.S.Code Cong. Service 1950, p. 1661.

On May 23, 1951, plaintiff was advised that he was denied the validated certificate on security grounds. In November of 1955, the Coast Guard reversed its prior position and determined that plaintiff was eligible for employment.

Thereafter, the plaintiff commenced an action in the United States Court of Claims for reimbursement of wages lost and other damages which he allegedly suffered during the period that the Coast Guard withheld certification.

The Court of Claims granted the Government's motion to dismiss plaintiff's action. See Dupree v. United States, 141 F.Supp. 773. Following this dismissal, suit was instituted in this Court.

Plaintiff contends that the refusal of the Coast Guard to certify him was a negligent act and thus is a suit that is cognizant under the Federal Tort Claims Act, supra.

Plaintiff was denied certification as authorized by the Act of September 26, 1950, supra, which was passed by Congress during the Korean crisis. The Act authorized the President, in a time of national emergency, to make rules and regulations governing the movement and anchorage of vessels in the territorial waters of the United States. The primary purpose was, "in order to secure such vessels from damage or injury or to prevent damage or injury, to any harbor or waters of the United States," and in pursuance of this purpose when necessary, to take "full possession and control of such vessel and remove therefrom the officers and crew thereof * * *."

Pursuant to the authority of this Act, the President issued Executive Order 10173, which required that each seaman secure a certificate that his employment on a merchant vessel was consistent with the purpose sought to be accomplished by the Act. This order vested enforcement of the Act in the Commandant of the Coast Guard.

The Federal Tort Claims Act, supra, provides when actions can be brought against the United States as follows:

"§ 1346. United States as defendant

\*     \*     \*     \*     \*     \*

"(b)  *  *  *  exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The defendant contends it has specifically withheld its consent to be sued under the following exception to the Act:

"§ 2680.  Exceptions

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

"(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

The defendant cites the case of Dalehite v. United States, 1953, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, as controlling in this action.  There, Mr. Justice Reed speaking for the majority construed § 2680 and said, 346 U.S. at page 32, 73 S.Ct. at page 966:

"One only need read § 2680 in its entirety to conclude that Congress exercised care to protect the Government from claims, however negligently caused, that affected the governmental functions.  Negligence in administering the Alien Property Act, or in establishing a quarantine, assault, libel, fiscal operations, etc.,

was barred.  An analysis of § 2680 (a), the exception with which we are concerned, emphasizes the congressional purpose to except the acts here charged as negligence from the authorization to sue.  It will be noted from the form of the section, see 346 U.S. 18, 73 S.Ct. 959, supra, that there are two phrases describing the excepted acts of government employees.  The first deals with acts or omissions of government employees, exercising due care in carrying out statutes or regulations whether valid or not.  It bars tests by tort action of the legality of statutes and regulations.  The second is applicable in this case.  *It excepts acts of discretion in the performance of governmental functions* or duty 'whether or not the discretion involved be abused.'  *  *  *" (Emphasis supplied.)

The plaintiff relies upon Indian Towing Co. v. United States, 1956, 350 U.S. 61, 76 S.Ct. 122, in support of his contentions.  However, this Court is of the opinion that the latter case has no application to the instant case.  In the Indian Towing case, the plaintiff sued for damages caused by a shipwreck resulting from the failure of the Coast Guard to maintain a channel light.  The Court at page 64 of 350 U.S., at page 124 of 76 S.Ct. said:

"The question is one of liability for negligence at what this Court has characterized the 'operational level' of governmental activity.  Dalehite v. United States, 346 U.S. 15, 42, 73 S.Ct. 956, 971, 97 L.Ed. 1427.  The Government concedes that the exception of § 2680 relieving from liability for negligent 'exercise of judgment' (which is the way the Government paraphrases a 'discretionary function' in § 2680 (a)) is not involved here,  *  *  *."

In the instant case, the Coast Guard followed the procedure under the regulations adopted pursuant to the Statute.  The Commandant was authorized to exercise his judgment in refusing to is-

sue the certificate to the plaintiff. Such decisions cannot be considered as negligent regardless of the final result of his conclusions.

Therefore, this Court is of the opinion that the Commandant of the Coast Guard was performing a "discretionary function or duty" with respect to the plaintiff. The defendant is not liable for negligence since the act performed cannot be characterized as on the "operational level" of governmental activity.

Accordingly, defendant's Motion to Dismiss is hereby granted.