**Eugene DUPREE, Appellant,**

v.

**UNITED STATES.**

**No. 12617.**

United States Court of Appeals Third Circuit.

Argued Oct. 23, 1958.

Decided Feb. 24, 1959.

As Amended March 10, 1959.

Rehearing Denied May 8, 1959.

Harold K. Wood, U. S. Atty., Philadelphia, Pa., Samuel D. Slade, Douglas A. Kahn, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

Can an action for damages be maintained against the United States under the Federal Tort Claims Act [1] on a claim premised upon an alleged negligent interference with a merchant seaman's prospective economic advantage, viz., future employment?

That is the critical question presented by this appeal from the Order of the District Court dismissing a complaint filed by Eugene Dupree, a licensed ship's master, charging alleged negligent withholding of a security clearance by the Commandant of the United States Coast Guard in the course of enforcement of the government's merchant seamen screening program.

The merchant seamen screening program is administered by the United States Coast Guard under the Magnuson Act, Executive Order 10173, as amended,[2] and regulations promulgated thereunder by the Commandant of the Coast Guard.[3] Pursuant to their provisions, Dupree's security clearance was withheld by the Commandant upon his determination that there was reason to believe that he was affiliated with or sympathetic to subversive or disloyal organizations. After a lapse of some five years Dupree was ultimately given a clearance. The facts relating to the denial of the clearance and its ultimate issuance are detailed in our prior opinion, Dupree v. United States, 3 Cir., 1957, 247 F.2d 819, rehearing denied, wherein we affirmed the judgment of the Dis-

William J. Woolston, Philadelphia, Pa., for appellant.

John G. Laughlin, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen.,

1. 28 U.S.C. §§ 1346(b), 2671, 2674, 2680 (h) are the relevant sections.

2. 15 F.R. 7005, No. 10277, 16 F.R. 7537, No. 10352, 17 F.R. 4607 U.S.Code Cong.Serv.1950, p. 1661, U.S.Code Cong. and Adm.Serv.1951, p. 1073, U.S.Code Cong. and Adm.News 1952, p. 1056; 33 C.F.R. (1956 Supp.), Part 6.

3. 15 F.R. 9327, as amended, 33 C.F.R. (1956 Supp.), Part 121.

trict Court[4] dismissing Dupree's complaint.

In the opinion cited we specifically noted with respect to Dupree's complaint that "It contains no allegations of negligence, nor does it describe any conduct of any employee of the Government as being wrongful" and "There is no allegation of lack of due care in the application of the regulations to Dupree"; that the complaint in substance merely alleged "insufficiencies in the administrative procedure such as the failure to afford a hearing prior to the initial determination" etc. and was "based upon nothing more than the invalidity of the regulations under which his security clearance was processed."

On the score of the allegations of "insufficiencies in the administrative procedure" and the "invalidity of the regulations" we held that "Where government employees act pursuant to and in furtherance of regulations, resulting harm is not compensable under the act [Federal Tort Claims Act] * * * except where they do not exercise due care." In doing so we observed that the Tort Claims Act did not contemplate a remedy for damages sustained by reason of the application of invalid laws or regulations.

It may also be noted that, although the District Court in its opinion had premised its dismissal of Dupree's original complaint on the ground that it was barred by the discretionary function exception of the Act,[5] we specifically stated that the case in its then posture did not require decision as to the applicability of the discretionary function exception since there was absent any allegation that the Coast Guard had failed to use due care in the application of the regulations.

It must further be stated that in the earlier litigation we did not reach the issue which we consider critical in the instant appeal, viz., does the Tort Claims Act permit maintenance of a claim for damages for negligent interference with future employment.

The issue is squarely presented now, although, as in the initial litigation, the parties have made no reference to it, either below or here. Instead they have focused their contentions on other grounds: Dupree urges that his present complaint presents a "new" cause of action based upon "unreasonable, unjustifiable and negligent" interference with, and "invasion" of his "right to obtain employment", with specific allegation of "absence of reasonable care" and, should it be regarded "as an amended complaint", it is permissible under Rule 15(a), Fed.R.Civ.P. 28 U.S.C. or, in the alternative, this Court can, and should, grant permission to file an amended complaint; the government, in reply, says the instant appeal brings the same cause of action before the Court as the original complaint and presents only questions of pleading and procedure and (1) the District Court correctly held it was without power to entertain the second complaint or to permit an amendment, (2) this Court should not grant permission to amend, and, (3) the prior judgment, dismissing Dupree's complaint for failure to state a cause of action, is res judicata and bars the instant action.

It would serve no useful purpose to discuss the contentions recited inasmuch as we are of the opinion that in the interest of expeditious administration of justice we must at once come to grips with the issue which must ultimately be decided even should we subscribe to any of the points raised by Dupree.

We are of the opinion that by its clear terms the Tort Claims Act, in Section 2680(h), excludes invocation of the relief granted by the Act in instances where there is interference, negligent or otherwise, by a government employee or officer, with contractual rights of an aggrieved individual.

4. Dupree v. United States, D.C.E.D.Pa. 1956, 146 F.Supp. 148.

5. 28 U.S.C. § 2680(a).

It is plain from Dupree's complaint that he seeks recovery for negligent interference by a government agent or agency with his prospective employment.[6] In his brief he stressed the elements of the tort of interference with his prospective economic advantage and his reliance on it as the basis of his claim for damages, stating:

"The complaint's paragraphs 4 and 7 allege that the United States Coast Guard, from September 1950 until November 1955, refused to permit third parties to employ the plaintiff. Plaintiff is a resident of Pennsylvania, and thus the Coast Guard so prevented here in Pennsylvania.

"The law in Pennsylvania imposes a liability on an individual for the harm caused another by preventing that other from entering into business relations with a third person unless the conduct of the person so preventing was privileged. Restatement of Torts, Sec. 766; Wahl v. Strous, 344 Pa. 402, 403, 25 A.2d 820; Klauder v. Cregar, 327 Pa. 1, 3, 192 A. 667; and cases collected in the Pennsylvania Annotations, Restatement of Torts."

The tort of interference with prospective or potential advantage is simply an extension of tort liability for interference with existing contractual relations, and the "cause of action has run parallel to that for interference with existing contracts." Prosser, Law of Torts § 107 (2d Ed. 1955), pages 745–46–47–48; Restatement, Torts § 766(a) and (b) (1939). To maintain the action it is necessary to establish that the interference be "purposeful" and "without reasonable justification". The principles stated prevail in Pennsylvania.[7]

Apart from the fact that Dupree's complaint fails to charge "intentional" conduct on the part of the Coast Guard, an essential ingredient of his cause of action,[8] the latter cannot be maintained under the Tort Claims Act because, as earlier stated, Section 2680 (h) excepts from its scope, actions for "interference with contract rights."

Section 2680(h) provides:

"The provisions of this chapter [Tort Claims Act] and section 1346 (b) of this title shall not apply to—

"(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or *interference with contract rights*" (emphasis supplied).

In Fletcher v. Veterans Administration, D.C.E.D.Mich.1952, 103 F.Supp. 654, an operator of a school of refrigeration sued the Veterans Administration, an agency of the United States, for loss of business due to negligent misstate-

6. In paragraph 4 of his complaint Dupree alleges:
   "4. During September 1950, the United States Coast Guard, as a part of the United States Government, determined and advised the plaintiff that no third party could employ him on any vessel of the United States Merchant Marine."
   and in paragraph 7:
   "7. Nevertheless, the United States Coast Guard, as a part of the United State Government continued to refuse to permit third parties to employ plaintiff on any United States vessel throughout the period from September 1950 to November 1955."

7. Dora v. Dora, 1958, 392 Pa. 433, 437, 141 A.2d 587; Wahl v. Strous, 1942,

344 Pa. 402, 403, 25 A.2d 820; Klauder v. Cregar, 1937, 327 Pa. 1, 8, 192 A. 667.

8. See the Pennsylvania cases cited Note 7, supra, which are in accord with the general rule. As to other jurisdictions, see Baruch v. Beech Aircraft Corporation, 10 Cir., 1949, 175 F.2d 1, certiorari denied 338 U.S. 900, 70 S.Ct. 251, 94 L.Ed. 554; New York Trust Co. v. Island Oil & Transport Corporation, 2 Cir., 1929, 34 F.2d 649, 652, certiorari denied Receivers of Gulf States Oil & Refining Corporation v. Island Oil & Transport Corporation, 281 U.S. 724, 50 S.Ct. 239, 74 L.Ed. 1142; see Annotations: 84 A.L.R. 43, 49; 26 A.L.R.2d 1227, 1245.

ments to veterans with reference to the school.

With respect to this cause of action the Court said (at page 656):

"The alleged tortious acts of government employees set forth in the second count of plaintiff's bill of complaint do not give rise to a cause of action enforceable against the government since Congress has specifically excepted such torts from the waiver of immunity found in the Federal Tort Claims Act. The intent of Congress with respect to such claims is expressed in exception (h), Section 2680, U.S.C.A. Title 28 * * *.

"Since the United States of America is expressly excluded from liability in this type of action, this Court is without jurisdiction to entertain such an action, * * *."

Again in Builders Corporation of America v. United States, D.C.N.D.Cal. 1957, 148 F.Supp. 482, where plaintiff builders alleged tort based on interference with prospective contract or business relations, it was held that Section 2680(h) barred recovery under the Tort Claims Act.

Said the Court (at page 484):

"The alleged wrongful act of the Base Commander for which plaintiffs seek a recovery under their first cause of action appears to be the tort of 'interference with prospective advantage' * * * sometimes labeled 'interference with prospective contracts or business relations'. * * * Since Congress had decided not to surrender the immunity of the United States from tort actions based on interference with contract relations, 28 U.S.C.A. § 2680(h), the essential issue which this Court must decide, then, is whether the tort of interference with prospective advantage or prospective contracts is properly includable within the aforementioned exception to the Tort Claims Act. It would seem to be quite illogical to conclude that Congress intended to exclude one

tort from the operation of the Act, and, at the same time, *waive* the Government's immunity from actions sounding in a substantially identical tort; the distinction between the two being one of degree, only, in the elements necessary to establish liability."

With respect to the distinction mentioned, the Court made these pertinent observations (footnote 1, at page 484):

"Both the tort of interference with contract relations and the tort of interference with prospective contract or business relations involve basically the same conduct on the part of the tortfeasor. In one case the interference takes place when a contract is already in existence, in the other, when a contract would, with certainty, have been consummated but for the conduct of the tortfeasor. (See Prosser on Torts, p. 720 et seq., and p. 745 et seq. [2d Ed. 1955]). Rather than characterizing the two as separate torts, the more rational approach seems to be that the basic tort of interference with economic relations can be established by showing, *inter alia*, an interference with an existing contract or a contract which is certain to be consummated, with broader grounds for justification of the interference where the latter situation is presented."

In United States v. Ein Chemical Corporation, D.C.S.D.N.Y.1958, 161 F.Supp. 238, 246, 247, decided on other grounds, the Court inferentially subscribed to the doctrine of the Fletcher and Builders Corporation cases.

Since Section 2680(h) excepts from the purview of the Tort Claims Act actions for "interference with contract rights" Dupree cannot maintain the instant suit.

As was said in Munro v. United States, 1938, 303 U.S. 36 at page 41, 58 S.Ct. 421 at page 423, 82 L.Ed. 633:

"Suits against the United States can be maintained only by permis-

sion, in the manner prescribed and subject to the restrictions imposed. Reid v. United States, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L.Ed. 313. * * * "

For the reasons stated the Order of the District Court will be affirmed.