**Eugene DUPREE, Appellant**

v.

**UNITED STATES.**

No. 12617.

United States Court of Appeals Third Circuit.

May 8, 1959.

William J. Woolston, Philadelphia, Pa., for appellant.

John G. Laughlin, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., Harold K. Wood, U. S. Atty., Philadelphia, Pa., Samuel D. Slade, Douglas A. Kahn, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

The petition of Eugene Dupree for leave to file petition for reargument out of time is granted.

The petition for rehearing is premised on the fact that in our Opinion filed February 24, 1959, we cited with approval Builders Corporation of America v. United States, D.C.N.D.Cal.1957, 148 F. Supp. 482, and the fact that the United States Court of Appeals for the Ninth Circuit had reversed in that case, 259 F. 2d 766 (1958).

Upon consideration we are of the opinion that the reversing opinion is inapposite in that it was premised on considerations absent in the instant case.

For the reasons stated the petition for rehearing will be denied.

BIGGS, Chief Judge (dissenting).

The decision in this case is in apparent conflict with that of the Court of Appeals of the Ninth Circuit in Builders Corporation of America v. United States, 1958, 259 F.2d 766, 772, reversing the United States District Court for the

Northern District of California, 148 F. Supp. 482 (1958). The issue presented, which involves interpretation of the "interference with contract rights" exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(h), is an important one.

In the case at bar, as in Builders Corporation of America, the Ninth Circuit case, no "actual interference with contract rights" was alleged. Dupree had no contract for employment with any ship or shipowner with which the United States Coast Guard could have interfered. In the Builders Corporation case that company had no existing contracts with which the United States Army could interfere. In both cases there was alleged interference by government officers with prospective economic advantages to plaintiffs. See 259 F.2d at page 769, and the concurring opinion of Judge Pope, Id., at page 773. In the Builders Corporation case, as in the case at bar, advantageous contracts could have come to the respective plaintiffs had the government official withheld his hand. The interposition by the Coast Guard in the instant case was in fact a deprivation of Dupree's right to earn a living as a licensed shipmaster rather than an interference with any actual contract right. It is difficult to find a helpful analogy but Dupree's position after the Coast Guard failure or refusal to award him security clearance, was not unlike that of a lawyer, admitted to the bar of a court, who by action of that court is not permitted to practice law before it. Such an individual still remains an attorney but he has been put in a position where he will not be retained by clients and will be unable to procure contracts of employment.

In my opinion the provisions of Section 2680(h) are too broadly construed by the decision of this court. The statute, necessary for the preservation of our national security, nonetheless imposed on Dupree a disability analogous to a penalty, and for this reason its provisions should be construed strictly as if they were penal in nature.

Negligent conduct by the Coast Guard is alleged sufficiently in the complaint.

The court granted leave to the plaintiff to file his petition for rehearing but now denies the prayers of his petition. I think that that denial is erroneous and that a substantial issue of statutory interpretation is presented which should be explored fully by this court sitting en banc.

For the foregoing reasons I must respectfully dissent.