Michael SHAPIRO

v.

UNITED STATES of America.

Civ. A. No. 82–3458.

United States District Court,
E.D. Pennsylvania.

July 14, 1983.

D. Bruce Hanes, Philadelphia, Pa., for plaintiff.

Edward S.G. Dennis, Jr., U.S. Atty., Margaret L. Hutchinson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Michael Shapiro ("Shapiro"), formerly an employee of the United States, has filed this action pursuant to the Federal Tort Claims Act, ("Tort Claims Act"), 28 U.S.C. § 2671 *et seq.* contending that he suffered injury because the United States was slow in rendering to him an opinion as to conflicts of interest which might inhibit his employment in the private practice of

law in Philadelphia. The Government has filed a motion for summary judgment, contending that Shapiro's claim is expressly barred by two provisions of the Act, 28 U.S.C. §§ 2680(a), 2680(h). For the reasons hereinafter set forth, the Court will grant defendant's motion and enter judgment in favor of the United States.

The material facts of this case concerning which there is no genuine issue are as follows: Plaintiff Shapiro was employed as a staff attorney in the Office of the Regional Solicitor of the United States Department of Labor in the Department's Philadelphia office from April 4, 1971 to June 13, 1981. On June 13, 1981, he resigned to accept a position with the Philadelphia law firm of Shein & Brookman. On June 17, 1981, he delivered to Seth Zinman, Esq., Associate Solicitor of Legislation and Legal Counsel, Office of the Solicitor, Department of Labor, in Washington, D.C., a letter concerning his status under the Ethics in Government Act, 18 U.S.C. § 207. Specifically, Mr. Shapiro inquired as to whether any of his activities during his ten years of service in the Department of Labor might preclude him from performing certain work at Shein & Brookman due to a conflict of interest. In particular, Mr. Shapiro stated that much of the firm's practice involved representing plaintiffs alleging that they suffered injury as a result of exposure to asbestos in the workplace. He wished to prosecute such cases for his new employer and requested from Zinman an opinion as to whether his previous Government work created a conflict barring him from doing such work. Section 207(b) of 18 U.S.C. states that former Government employees now in private practice may not represent clients in proceedings in which the United States is a party for a period of two years after the cessation of the worker's Government employment. Shapiro's four-page letter set forth facts he believed pertinent to the Government's decision. In the letter, Shapiro opined that he believed that no conflict of interest would arise but that he also requested "that the United States grant a waiver" of 18 U.S.C. § 207(b) to Shapiro. Presumably this would only be necessary in the event that Section 207 was found to apply to Shapiro. Shapiro also requested "that this matter be given expedited consideration, inasmuch as Shein and Brookman are [sic] holding my position open only for a period of thirty days from June 15, 1981." (Letter of June 17, 1981 at 4).

On September 4, 1981, Mr. Zinman sent a four-page letter to Mr. Shapiro advising him that the Government had reviewed his ten-year career in light of his future plans and concluded that Mr. Shapiro's employment in private practice would not violate the Ethics in Government Act. Mr. Shapiro then began working at Shein & Brookman where he continues to practice law at this time. On October 23, 1981, Shapiro filed a claim against the United States, seeking damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* contending that the Government's response to his request was so slow as to be negligent. Shapiro contends that he was unable to begin work at Shein & Brookman until he received clearance from the Government and therefore lost $4,282.04 in lost wages and other benefits. The United States denied Shapiro's claim. As support for its denial, the Government cited two provisions of the Federal Tort Claims Act which exempt the United States from such tort liability. These same two sections form the basis of the instant motion for summary judgment.

The Tort Claims Act provides that
The United States shall be liable [for tort claims] in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674.

Subsequent sections of the Act provide for several exceptions to the waiver of sovereign immunity set forth in 28 U.S.C. § 2674. The Government asserts that two of these exceptions bar Shapiro's claim. One exception, commonly referred to as the "discretionary function exception" states that

The provisions of [the Tort Claims Act] shall not apply to—

Any claim based upon an act or omission of an employee of the Government, exercising due care in the execution of a statute or regulation, whether or not such statute or regulation be valid, based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The second exception relied upon by the Government provides that the Tort Claims Act does not apply to any claim arising out of ... interference with contract rights." 28 U.S.C. § 2680(h). The Government contends that both of these exceptions preclude Shapiro's suit against the United States.

An analysis of Shapiro's complaint shows that he has averred that the Government's negligence in providing a letter concerning his conflict of interest situation delayed the beginning of his association with Shein & Brookman. In essence, Shapiro claims that the Government's slow action on his Ethics in Government waiver request interfered with his contracting to begin work in private practice at Shein & Brookman. Clearly, such a claim comes within the contract interference exception to the Federal Tort Claims Act. See *Small v. United States,* 333 F.2d 702 (3d Cir.1964); *Dupree v. United States,* 264 F.2d 140 (3d Cir.1959), *reh. denied,* 266 F.2d 373, *cert. denied,* 361 U.S. 823, 67 S.Ct. 69, 4 L.Ed.2d 67 *reh. denied,* 361 U.S. 921, 80 S.Ct. 253, 4 L.Ed.2d 189 (1959). *Dupree* is particularly instructive in the instant case. In *Dupree* a plaintiff shipmaster based his claim upon alleged negligent interference with his future employment due to the Government's delay in granting to him a security clearance that was necessary to begin the job he sought. The Third Circuit found this claim, a claim remarkably similar to Shapiro's, to be barred by 28 U.S.C. § 2680(h), the contract interference exception to the Tort Claims Act. This Court can see no basis for distinguishing the instant case from *Dupree.*

Furthermore, the Ethics in Government Act and its regulations do not impose upon the United States any ministerial duty to respond to requests for opinions within a definite time period. Regulations promulgated pursuant to the Act create in the Government the duty to respond to requests for opinions as to whether the Act's provisions apply to a Government employee. However, neither the Act nor these regulations sets forth any deadline for furnishing to the inquiring party any opinion as to the Act's application. Thus, the time within which the Government responds to such an inquiry is vested within the discretion of the United States. Consequently, the discretionary function exception to the Tort Claims Act applies. The regulations state only that the agency should give the inquiring party "prompt advice" as to his conflict of interest situation. The activity of advice-giving squarely falls within the discretionary function exception to the Federal Tort Claims Act. See *Nelms v. Laird,* 442 F.2d 1163, 1165 (4th Cir.1971), *reversed on other grounds,* 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499, *reh. denied,* 409 U.S. 902, 93 S.Ct. 95, 34 L.Ed.2d 165 (1972). *Coastwise Packet Co. v. United States,* 398 F.2d 77 (1st Cir.1968). In *Coastwise,* the owner of a vessel sought a certificate of inspection from the Coast Guard so that the vessel could carry passengers for hire. The application was submitted in 1963 but the vessel was not certified until 1965. The First Circuit found that this delay did not give rise to a cause of action in tort because there was no statutory duty requiring the Coast Guard to perform inspections and certifications within a certain time. See 398 F.2d at 79. See also *J.H. Rutter Rex. Mtg. Co., Inc. v. United States,* 380 F.Supp. 412 (E.D.La.1972) (NLRB's failure to implement a 1956 back pay order until 1964 is not actionable under Federal Tort Claims Act).

Plaintiff contends, however, that 5 C.F.R. § 737.5(e) imposes such a ministerial duty upon the United States. This Section states that

In certain complex factual cases, the agency with which the former Govern-

ment employee was associated is likely to be in the best position to make a determination as to certain issues, for example, the identity or existence of a particular matter [posing a conflict of interest. In such cases] [d]esignated agency ethics officials should provide advice promptly to former Government employees who make inquiry on any matter arising under these regulations [implementing and explaining the Ethics in Government Act's restrictions on a former Government employee acting as a representative of a party in a matter in which the employee personally and substantially participated].

Plaintiff therefore suggests that this matter is not appropriate for summary judgment since a jury could find that the Government's response to Shapiro was not a prompt one within the meaning of the regulation.

█ Plaintiff's argument misconstrues the effect of the regulation. Regulations promulgated by the Government to implement a statute do not create a private right of action for violations of the regulation unless Congress, in enacting the statute, intended to create such a private right of action. *See Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). The legislative history of the Ethics in Government Act contains nothing to suggest that Congress, in passing the Act and permitting the Justice Department to promulgate regulations under the Act, conferred upon those requesting opinions a cause of action in tort if the Government's response did not come "promptly".

Shapiro has not alleged that the review of this situation and the Government's conclusion were performed negligently. Rather, he asserts that the Government should have issued a response as soon as he desired. As heretofore noted, Shapiro had already left the Department of Labor before requesting the Ethics Act opinion. He gave the Government no ·warning of his professed need for a quick opinion until he had already made the decision to leave Govern-

ment service for private practice. In essence, Shapiro attempted to create his own claim for lost wages by terminating his income source before requesting action and attempted to create a Government duty to him by demanding the Ethics Act opinion and "waiver" within 30 days, even though the Act does not provide for such a waiver and the regulations require only "advice", not a decision on a waiver.

Before a regulation, even one setting forth a time deadline for Government act, creates a standard of care giving rise to a claim of negligence, the party seeking to invoke the regulation must first assert a valid claim in tort. Because the United States is immune from tort claims except to the extent that the Tort Claims Act has waived sovereign immunity, the plaintiff's claim must be one expressly permitted by the Act. In the instant case, both the contract interference and the discretionary function exceptions bar Shapiro's claim. The Court will therefore enter an Order granting defendant's motion for summary judgment.